IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

        v.                                               08-cr-87-bbc-5

LAMAR LIGGONS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Lamar Liggons' supervised release was held on June 17, 2015, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Elizabeth G. Altman. Defendant was present in person and by counsel, William Jones. Also present was Supervisory U.S. Probation Officer Michael Bell.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on May 20, 2009, following his conviction for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), a Class B felony. He was committed to the custody of the Bureau of Prisons a term of 66 months, with a five-year term of supervised release to follow. He began his term of supervised release on December 26, 2013.

On July 23, 2014, defendant's conditions of supervised release were modified to include 90 days of home confinement to address his non-compliance with the conditions of his supervised release. Unbeknownst to the supervising probation officer, two weeks earlier defendant had violated Standard Condition No. 1 of his conditions of supervised release prohibiting him from leaving the judicial district without the permission of the court or probation officer, by traveling to Chicago, Illinois, on July 9, 2014. He violated the same condition by traveling to Chicago on December 25, 2014 and again on March 6, 2015.

Defendant violated Special Condition No. 4 of his conditions of supervised release, requiring him to abstain from the use of alcohol and illegal drugs, and to submit to drug testing, when he submitted a urine specimen on July 30, 2014 that tested positive for THC. Defendant failed to appear for drug tests on at least three occasions. In addition, he consumed alcohol on November 27, 2014.

Defendant's most serious violation falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that upon a finding of a Grade C violation, the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision.

CONCLUSIONS

Defendant's criminal history falls into category III. With a Grade C violation, defendant has an advisory guideline term of imprisonment of 5 to 11 months. His original offense of conviction was a Class B felony. Under 18 U.S.C. § 3583(e), the statutory

maximum to which he can be sentenced upon revocation is three years. 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment if supervised release is revoked.

Ordinarily, defendant's violations would warrant revocation; however, I am persuaded that a modification of the conditions of supervised release will carry out the statutory purposes of sentencing more effectively. Defendant's conditions of supervised release are modified to include a 180-day placement in a residential reentry center and participation in a cognitive behavioral program. Such modifications will be sufficient to hold defendant accountable for his non-compliant behavior, provide him an opportunity for substance abuse treatment and give him time to secure suitable housing.

When defendant was sentenced on May 20, 2009, he was ordered to comply with this court's standard conditions and four special conditions of supervision. Because defendant will remain on supervised release, those standard and special conditions will be reviewed, modified and justified on the record.

ORDER

IT IS ORDERED that the term of supervised release imposed on defendant Lamar Liggons on May 20, 2009 is CONTINUED and the following special conditions are added to his conditions of supervised release:

> Spend 180 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to

pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer. Defendant shall remain in the custody of the United States Marshals Service until a placement at Rock Valley Community Programs becomes available.

Participate in the Positive Attitude Development (PAD) program as directed by the supervising U.S. probation officer.

The standard and special conditions of supervised release that were imposed at the time of sentencing on May 20, 2009, were related reasonably to the offense of conviction or to defendant's personal history and characteristics. I find that the following non-mandatory conditions of supervision are related reasonably to the offense of conviction, defendant's recent non-compliance with his conditions of supervised release and the defendant's personal history and characteristics.

| | STANDARD CONDITIONS | JUSTIFICATION |
|---|---|---|
| 1 | Defendant shall not leave the judicial district without the permission of the court or probation officer. | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(14); 18 U.S.C. § 3603(2) and (7); USSG §5B1.3(b)(1)(A), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 2 | Defendant is to report to the probation office as directed by the court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer and follow the officer's instructions. The monthly report and the answer to the inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of his constitutional rights, in which case defendant has the right to remain silent. | To provide community protection and rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(15)and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(B), (C), (D), (E) and (b)(2); USSG §5D1.3(b)(1)(B), (C), (D) and (b)(2). |
| 3 | Defendant shall maintain lawful employment, seek lawful employment or enroll and participate in a course of study or vocational training that will equip him for suitable employment, unless he is excused by the probation officer or the court. | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism. 18 U.S.C. § 3553(a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(4) and (5); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(C), (D) and (E); USSG §5D1.3(b)(1)(B), (C) and (D). |
| 4 | Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer or any change in job classification. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3563(b)(13), (15), (16) and (19); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(D) and (b)(2); USSG §5D1.3(b)(1)(C). |

| | | |
|---|---|---|
| 5 | Defendant shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance or any paraphernalia related to such substances except as prescribed by a physician. | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public.  18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(A), (B), (C) and (D); USSG §5D1.3(b)(1)(A), (B) and (C). |
| 6 | Defendant shall not visit places he knows or has reason to believe that controlled substances are illegally sold, used, distributed or administered. | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals.  Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B) and (C). |
| 7 | Defendant shall not meet, communicate or spend time with any persons he knows to be engaged in criminal activity or planning to engage in criminal activity. | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle.  18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(B), (C) and (D); USSG §5D1.3(b)(1)(B) and (C). |
| 8 | Defendant shall permit a probation officer to visit him at home, work or elsewhere at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer. | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(13), (15), (16) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG§ 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9 | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. | To provide for community safety and rehabilitation of defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § |

6

| | | |
|---|---|---|
| | | 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3 (b)(1)(A), (B), (C) and (D); USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 10 | Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the prior permission of the court. | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer.  18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(A), (B), (C) and (D); USSG §5D1.3(b)(1)(A), (B) and (C). |
| 11 | As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics.  The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third parties. | To protect the public from further crimes perpetrated by defendant.  18 U.S.C. § 3553(a)(1), (b)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(3), (4), (5), (6), (13) and (16); in a case of crimes against property 18 U.S.C. § 3555; 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(A), (B), (C) and (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |

The special conditions numbered below were imposed at the time of sentencing and are reimposed:

SPECIAL CONDITIONS                                                       JUSTIFICATION

| | | |
|---|---|---|
| 1) | Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer. | Imposed based on the offense of conviction and the need to monitor defendant's compliance with local, state and federal laws. |
| 2) | Provide the supervising U.S. probation officer any and all requested financial information, file all tax returns in a timely manner and provide copies of state and federal tax returns to the probation officer. | Imposed based on the offense of conviction and the need to monitor defendant's compliance with the restitution order. |

7

| | | |
|---|---|---|
| 3) | Submit his person, property, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition. | Imposed to respond to the nature of the offense of conviction which is a crime of violence, the need to protect the public from further criminal activity perpetrated by defendant and the need to ensure the safety of the supervising U.S. probation officer. |
| 4) | Abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. Defendant shall submit to drug testing beginning within 15 days of his release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process. | Imposed to respond to defendant's self-reported use of marijuana and his prohibited use of drugs and alcohol while on supervision. |

The special condition added to defendant's conditions of supervised release on July 23, 2014, requiring him to comply with the conditions of home confinement for 90 days, is ordered stricken.

Entered this 17th day of June, 2015.

BY THE COURT:

/s/
_____
Honorable Barbara B. Crabb
U.S. District Judge